**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIM CARSON; JIM CARSON, individuals, | No. 13-15368 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-01487-MCE-CMK |
| v. | |
| BANK OF AMERICA NA, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted April 17, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*** The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Kim and Jim Carson appeal the district court's judgment dismissing their action against Bank of America ("BOA") arising out of foreclosure proceedings as to two of their properties ("Willow Property" and "Connecticut Property," respectively). We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.[1]

1.      Upon the Carsons' default, BOA had statutory authority to initiate nonjudicial foreclosure proceedings. *See* Cal. Civ. Code § 2924(a)(1). Although the Carsons argue they failed to receive proper foreclosure and arrearage notice from BOA, their argument is without support in the record and contrary to California statutory law. California Civil Code § 2924(c) contains a conclusive presumption with regard to notices and regularity of the foreclosure procedure. According to the statute, if the trustee's deed recites that all statutory notice

---

[1]      BOA requests that we take judicial notice of documents related to another case before the same California district court involving the Carsons. The documents are a matter of public record. We may take judicial notice of matters of public record in addition to documents referenced in the complaint, documents upon which the claim necessarily relies, and documents whose authenticity is not questioned. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). We decline to take judicial notice of the requested documents, because the documents are not relevant or necessary to the determination of this case.

requirements and procedures required by law as to the foreclosure have been satisfied, the deed shall constitute prima facie evidence of compliance with these requirements and conclusive evidence in favor of a bona fide purchaser. Cal. Civ. Code § 2924(c); *Melendrez v. D & I Inv., Inc.*, 26 Cal. Rptr. 3d 413, 430 (Ct. App. 2005) (finding a "nonjudicial foreclosure sale is accompanied by a common law presumption that it was conducted regularly and fairly" (internal quotation marks omitted)). The Carsons do not plead deficiency as to the trustee's deed. Therefore, BOA is statutorily presumed to have complied with all foreclosure requirements (including notice requirements). Additionally, the Carsons failed to plead any facts demonstrating they requested in writing information from BOA as to their arrearage amount. *See* Cal. Civ. Code § 2924c(b)(1) ("[u]pon your *written* request, the [lender] will give you a written itemization of the entire amount you must pay" (emphasis added)).

2. The tender rule does not displace a debtor's statutory right to reinstate. Rather, the tender rule applies when the statutory time for a defaulted borrower to reinstate the property expires. Under California law, a defaulted borrower may reinstate a loan by tendering the arrearage, *plus* late and attorney fees, *up until five business days before a scheduled trustee's sale*. § 2924c(a)(1), (e). Once the Section 2924c time for reinstatement has passed, the tender rule allows a defaulted

3

borrower to avoid loss of the property by tendering the *entire outstanding loan balance* at any time *prior* to the sale.  Cal. Civ. Code §§ 2903, 2905*; see* also *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 631-32 (Ct. App. 2011); *Moeller v. Lien*, 30 Cal. Rptr. 2d 777, 782-83 (Ct. App. 1994).

The Carsons do not allege they availed themselves of any of the statutory safeguards and protections available to debtors prior to the lapse of the reinstatement period.  *See* Cal. Civ. Code §§ 2924 through 2924l.  Additionally, the Carsons failed to plead facts demonstrating that they unconditionally and unambiguously offered to pay, or paid, the full reinstatement amount as to either property during the Section 2924 reinstatement period (five business days prior to the date of sale).  Indeed, the Carsons do not allege they made any offer of payment as to the Willow Property.  As to the Connecticut Property, the Carsons admit they did not send payment until the *day of sale*.  On the day of the sale, the amount tendered by the Carsons was wholly insufficient as a tender of the full amount of BOA's secured debt.

Contrary to the Carsons' argument at oral argument, we have not found any binding precedent that would have us reach a different conclusion.  The Carsons' reliance on *Susilo v. Wells Fargo Bank*, *N.A.*, 796 F. Supp. 2d 1177, 1186 (C.D. Cal. 2011) does not save their argument.  *Susilo* is not binding authority, and the

facts indicate that Susilo requested, in writing, her reinstatement amount from her lender. *Id.* at 1184 (Susilo's accountant received Susilo's authorization letter and delivered it along with a written request for any reinstatement amount and instructions on where to deliver such funds). The Carsons do not allege they sent a written request for information as to their arrearage amount that was subsequently ignored by BOA.

3. The Carsons failed to argue breach of contract, promissory estoppel, fraud, or a violation of Cal. Bus. & Prof. Code § 17200 on appeal, therefore those issues are waived. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (noting we do not consider matters not specifically and distinctly raised and argued in the opening brief). Given this waiver, the Carsons' reliance on *West. v. JP Morgan Chase Bank*, *N.A.*, 154 Cal. Rptr. 3d 285, 298 (Ct. App. 2013) is unavailing. In *West*, the court found that the lender was required to offer West a permanent loan modification (under the Home Affordable Mortgage Program "HAMP" proviso imposed by U.S. Department of Treasury). *Id*. at 297-300. The court found that the modification plan under HAMP, entered into by West and the Lender, constituted a new binding contract. *Id.* Accordingly, the court found West had pleaded sufficient facts to go forward on claims of breach of contract and promissory estoppel. *Id*. at 300, 304-05.

5

**AFFIRMED**.